Filed 7/9/15  P. v. Obregon CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIA OBREGON,<br><br>    Defendant and Appellant. | A142769<br><br>(San Francisco County<br>Super. Ct. No. SCN221252) |

## INTRODUCTION

In this case, defendant Maria Obregon was ordered to pay restitution in the amount of $3,926.22 after entering a guilty plea to a violation of Vehicle Code section 2800.2, subdivision (a).  She appeals the court's order that she pay full restitution to the victims for their economic losses, including those which were reimbursed by the victims' insurance company.  We will affirm the court's order.

## STATEMENT OF THE CASE

On September 19, 2013, the San Francisco District Attorney filed a complaint alleging three counts:  one violation of Vehicle Code section 10851, subdivision (a) (count 1); one violation of Penal Code section 496d, subdivision (a) (count 2); and one violation of Vehicle Code section 2800.2, subdivision (a) (count 3).  On November 15, 2013, defendant pleaded guilty to count 3, a felony violation of section 2800.2, subdivision (a), evading the police.  On December 6, 2013, defendant was placed on probation for three years.  She was ordered to serve a county jail term of 10 months as a

condition of probation, with half-time credits. Defendant was ordered to pay restitution to the victims in the amount of $1,000 to cover the deductible on the victims' insurance policy for undisputed loses.

On April 2, 2014, the probation department filed a motion to modify defendant's probation to increase the amount of restitution to a total of $3,926.22 to fully compensate the victims for the entire amount of the loss. This sum reflected the original $1,000 order, along with the total compensation the victims received from their insurance company based on the victims' existing policy.

The issue of increased restitution was heard by the trial court on August 1, 2014. At the conclusion of the hearing, the court ordered the restitution obligation of defendant increased to the sum suggested by probation: $3,926.22. The court directed the victims to report to the insurer any payment they received from the defendant in excess of $1,000.

Defendant filed a timely notice of appeal on August 4, 2014, contesting the increased restitution order to include losses not actually incurred by the victims.

## STATEMENT OF FACTS

The probation report indicates the defendant fled from police in a stolen automobile on September 16, 2013, and the car was later found by police parked and abandoned in front of a home in San Francisco. Victims of the incident, Chad and Kathryn Hetherington of St. Louis Park, Minnesota, submitted paperwork to the probation department indicating their insurance paid them $2,306.47 under the policy based on receipts the victims submitted. The insureds had a deductible of $1,000 not paid by the insurance company. The out-of-pocket loss was the original basis for the restitution amount.

## ANALYSIS

Defendant argues a restitution award for an amount the victim has already been reimbursed by an insurance company is "not only disingenuous and inconsistent with the

2

purpose of restitution, but it is also a denial of a [defendant's] Federal and State constitutional right to substantive due process" because it transforms a windfall for the crime victim, under the guise of restitution, into civil judgment that "extends beyond the compensation necessary to reimburse the crime victim for her losses."

Defendant does not argue the trial court abused its discretion in ordering the additional restitution, because she recognizes such an award is specifically authorized by statute and consistent with existing law. Rather, she has filed this appeal to preserve the issue for Supreme Court review.

The trial court decision to obligate defendant to pay the full loss sustained by the victim as result of her criminal conduct was proper in this case. Penal Code section 1202.4 provides: "It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime." (Pen. Code, § 1202.4, subd. (a)(1).) In this case, the economic loss sustained by the victims for the theft of their automobile totaled $3,962.22. The issue here is whether the funds our victims received from *their* insurer can be included in the restitution award made by the trial court. Defendant concedes the deductible is a proper component of the restitution award.

Under the California Constitution, any person who suffers economic loss as a result of criminal activity is entitled to restitution from the person convicted of the crimes that resulted in their loss. (Cal. Const., art. I, § 28(b)(13).) The restitution order covers "[f]ull or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property or the actual cost of repairing the property when repair is possible." (Pen. Code, § 1202.4, subd. (f)(3)(A).)

In *People v. Birkett* (1999) 21 Cal.4th 226 (*Birkett*), our Supreme Court unanimously held restitution shall be ordered that in fact provides "full restitution" to the victim of the crime, and " '[r]estitution shall, to the extent possible, be of a dollar amount

3

that is sufficient to *fully reimburse* all persons, for all determined economic losses incurred *as the result of the defendant's criminal conduct . . . .*' " (*Id*. at p. 246, italics in original.) Therefore, in a case like ours that involved auto theft, the court determined "the immediate victim was entitled to receive from the probationer the full amount of the loss caused by the crime, regardless of whether, *in the exercise of prudence, the victim had purchased private insurance that covered some or all of the same losses.* Third parties other than the [state restitution] Fund, such as private insurers, who have already reimbursed the victim[,] were thus left to their separate civil remedies, if any, to recover any such prior indemnification either from the victim or from the probationer." (*Ibid*., italics added; citing former Pen. Code §1203.04, subds. (a)(2)(A), (e).)

When the victim of a criminal act attributed to a defendant obtains insurance from his or her insurer, that sum is properly included within the restitution obligation as part of the "full reimbursement" to the victim for the "full amount of the loss caused by the crime." (*Birkett, supra,* 21 Cal.4th at pp. 246–247 & fn. 19.) This principle has been followed in subsequent cases like ours where the victim's third party insurer compensated its insured for damage or injury to person or property attributed to criminal conduct. (See *In re Tommy A.* (2005) 131 Cal.App.4th 1580, 1589–1590; *People v. Hamilton* (2003) 114 Cal.App.4th 932, 939–940 (*Hamilton*); *People v. Hove* (2000) 76 Cal.App.4th 1266, 1272–1273.)

Defendant makes passing reference to a case precluding a restitution award where the *defendant's* insurer compensated the victim for the wrongdoing of its insured. (*People v. Bernal* (2002) 101 Cal.App.4th 155.) However, that scenario is not one providing our defendant relief for the benefit of the victims' foresight. Offset is legally appropriate because the wrongdoer's insurer is stepping up to fulfill its contractual obligations with the accused insured. The pivotal legal distinction between *Bernal* and cases like *Hamilton*, cited above, was recognized in *People v. Jennings* (2005) 128 Cal.App.4th 42, where the panel observed: "Thus, after *Bernal* and *Hamilton*, the

4

question a court must answer when faced with a request to offset a criminal restitution obligation is whether the defendant seeking the offset for an insurance settlement payment is an insured on whose behalf the settlement payments were made." (*Id.* at p. 53.) This distinction recognizes the "exercise of prudence" by the appropriate party in the offset process. (*Id.* at pp. 52–53*; Hamilton*, *supra*, 114 Cal.App.4th at p. 941.)

In this case, the trial court properly did not reduce the amount of restitution defendant was obligated to pay the victims due to their insurer's payoffs. Any obligations the victims may have toward their insurer, and any rights the insurer may have to recoup payments for amounts it paid to the victims that duplicate amounts paid by defendant's restitution, are matters governed by civil law and the applicable insurance policy.

## DISPOSITION

We affirm the judgment.

5

                                   _____

                                   Dondero, J.

We concur:


_____

Humes, P. J.


_____

Banke, J.

A142769